UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ELLIOT KIM SEGAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD THEODOR BARNETT, CARTER )<br>INC., JUSTIN GREGORY WICKS, WICKS )<br>FINANCE STRATEGIES, DENISE DOW )<br>GREEN, PINNACLE ADVISORS, DOUGLAS )<br>GEORGE NEWMAN, LPL FINANCIAL, )<br>PINNACLE ASSET MANAGEMENT, )<br>)<br>Defendants. ) | Case No. 2:20-cv-126 |

**ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS AND DISMISSING COMPLAINT**
(Docs. 1, 1-4, 2)

Plaintiff Elliot Kim Segar, a Massachusetts resident representing himself, seeks to file a civil Complaint alleging violations of his rights under state and federal law against Defendants Richard Theodor Barnett, Carter Inc., Justin Gregory Wicks, Wicks Finance Strategies, Denise Dow Green, Pinnacle Advisors, Douglas George Newman, LPL Financial, and Pinnacle Asset Management (collectively, Defendants). Segar filed a Motion to Proceed without Prepaying Fees or Costs under 28 U.S.C. § 1915 and supported by the court's form Application to Proceed in District Court without Prepaying Fees or Costs. (Docs. 1, 1-1.) Because Plaintiff's application satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff's request to proceed without paying the filing fee (Doc. 1) is GRANTED; however, for the reasons set forth below, Plaintiff's proposed Complaint (Doc. 1-4) is DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

**I.      Allegations of the Proposed Complaint**

Plaintiff's proposed Complaint alleges that Defendants violated 13 V.S.A. § 1754 by making false reports to law enforcement authorities, 42 U.S.C. § 1983 by depriving him of his rights, 42 U.S.C. § 1985(3) by conspiring to deprive him of his rights, 13 V.S.A. 1023(3) by assaulting him, 18 U.S.C. § 242 by depriving him of rights under color of law, and 18 U.S.C. § 241 for conspiring against his rights. (Doc. 1-4 at 2, ¶ 1; at 14, ¶ 47–21, ¶ 93.) He further asserts Defendants deprived him of rights protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (*Id.* at 3, ¶ 3.) As a result of his claims under federal statutes, Plaintiff asserts that this court has federal question jurisdiction under 18 U.S.C. § 1331.

Plaintiff asserts that he received professional services from Defendant Barnett consisting of a Clinical Evaluation on May 31, 2019. He also received professional services from Defendant Carter Inc., a Vermont non-profit corporation doing business as Center for Addiction Recognition Treatment Education Recovery, consisting of an Intensive Impaired Driver Rehabilitation Program from May 24, 2019 through June 13, 2019. Plaintiff alleges that the majority of Defendants have office locations in the same building in Stowe, Vermont.

Plaintiff alleges that, on June 1, 2019, Defendant Barnett, CEO/Director of Defendant Carter Inc., accessed Plaintiff's protected health information consisting of Plaintiff's telephone number and used the "information to . . . send [Plaintiff] an uninvited, unexpected, and unprompted [text] message." (Doc. 1-4 at 12, ¶ 39 (footnote omitted).) The next day, Defendant Barnett again used Plaintiff's protected health information "to send an additional uninvited [text] message" from a different telephone number. (*Id.*)

Plaintiff alleges that on June 13, 2019, he twice requested "to exercise his rights as prescribed by 45 C.F.R. § 164.524(a)(1)." The next day, he followed up his request via e-mail. On June 17, Plaintiff hand-delivered a written and notarized demand to view and inspect his protected health information.

Also on June 17, 2019, Plaintiff alleges that Defendant Barnett "knowingly and willfully ma[d]e a materially false statement to law enforcement implicating the plaintiff in the commis[s]ion of a crime." (*Id.* ¶ 40.) Plaintiff further alleges all Defendants:

> act[ed] in a volitional and intentional manner placing the Plaintiff in a state of apprehension of imminent harm or unwanted physical contact. The Plaintiff made a clear declarative statement of such apprehension to which the Defendants continued with their assault unabated.

(*Id.* ¶ 42.) Defendants then made an additional false statement to a police officer resulting in the issuance of a trespass notification. (*Id.* ¶ 44.) Plaintiff alleges that "Defendants did on June 17th 2019 under color of state law deprive the Plaintiff rights secured by [HIPAA] and protected by the Constitution and the laws of the [United States.]" (*Id.* ¶ 45.)

Plaintiff seeks $75,000 in compensatory damages for the false report to law enforcement, $150,000 for the deprivation of rights under the color of state law, $150,000 for the conspiracy to deprive his rights under § 1985, $1 for the assault, $150,000 for the § 1983 violations, and $150,000 for the conspiracy against his rights. (*See* Doc. 1-4 at 33, ¶¶ 56-61.) He also seeks punitive damages for the year of extreme pain and suffering and mental anguish he has endured. (*Id.* at 35, ¶ 62.)

## ANALYSIS

I.   Standard of Review

Under the *in forma pauperis* statute, the court conducts an initial screening of the complaint. *See* 28 U.S.C. § 1915(e)(2). The court is required to read a self-represented plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring a self-represented plaintiff's complaint be held "to less stringent standards than formal pleadings drafted by lawyers") (internal quotation marks and citation omitted). However, the court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All complaints must contain "sufficient factual matter[] . . . to state a claim" for relief. *Id.* While "lenity" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

II. **Plaintiff's Claims**

A. **Claims for Which there is No Private Cause of Action**

Many of Plaintiff's claims must be dismissed because there is no private cause of action. He seeks to allege violations of 18 U.S.C. §§ 241–42. These alleged violations concern federal criminal statutes for which there is no private cause of action. A private individual may sue under a federal statute only when Congress intended to create a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit"). Neither § 241 nor 242 provide a private right of action under which Plaintiff may sue. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (noting "nothing in the language or structure of § 241 suggests that Congress intended to create a private right of action under that section"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (holding there is no private right of action under § 242). Accordingly, Plaintiff has not stated a plausible claim under 18 U.S.C. §§ 241 or 242 and Counts Five and Six must be dismissed.

Plaintiff also seeks to allege claims based on Defendants' purported violation of Vermont criminal statutes 13 V.S.A. §§ 1023(a)(3) and 1754.  There is no explicit private right of action in either state statute.  "[I]n the absence of any guidance from state courts, federal courts are hesitant to imply private rights of action from state criminal statutes."  *Watson v. City of New York*, 92 F.3d 31, 36 (2d Cir. 1996) (internal quotation marks omitted).  Accordingly, this court will not imply a private right of action under either criminal statute when the Vermont Supreme Court has not already done so.  Counts One and Four must be dismissed.

Additionally, Plaintiff's claim for Defendants' alleged violation of HIPAA must be dismissed.  HIPAA created national standards to protect sensitive patient health information from being disclosed without the patient's consent or knowledge. *See* 42 U.S.C. §§ 1320d–20d-9; 42 U.S.C. § 1320d–6(a)(3) (providing it is an offense to "knowingly . . . disclose[] individually identifiable health information to another person").  HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services.  *Id.* § 1320d–5(a)(1).  The Second Circuit has recently held that "HIPAA confers no private cause of action, express or implied[.]"  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).  As a matter of law, Plaintiff cannot state a claim on which relief may be granted for Defendants' alleged violations of his rights under HIPAA because there is no private right of action under HIPAA.

**B.**   Whether Plaintiff States a Plausible Claim under 42 U.S.C. § 1983

In support of his claim under § 1983, Plaintiff alleges that Defendants deprived him of his right to view and inspect his protected health information and deprived him of "rights granted and protected by his status" as a citizen of the United States by making a false statement to law

enforcement. (Doc. 1-4 at 15, ¶ 58.) He alleges Defendants[1] "cause[d] the injury to Plaintiff by depriving him of protected rights under color of state law." (*Id.* ¶ 59.)

Congress enacted 42 U.S.C. § 1983 to provide a statutory remedy for violations of the Constitution and other federal laws. Under § 1983, a claimant may bring suit against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, [any] person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Therefore, to prevail on a claim under § 1983, a plaintiff "must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Plaintiff has not plausibly alleged that any Defendant was acting under color of state law. His conclusory allegation that all Defendants caused his injury under color of state law contains insufficient factual matter for the court to find that he states a claim for relief that is plausible on its face.

Additionally, Plaintiff has not identified any federal law that creates rights enforceable under § 1983. He does not allege what federal right of his was deprived by Defendants allegedly false statements. Further, HIPAA does not create a private right of action. *See Meadows*, 963 F.3d at 244. Because HIPAA does not create a private right, it also cannot be privately enforced under § 1983. *Estate of Savage v. St. Peter's Hosp. Ctr. of City of Albany, Inc.*, Civ.

---

[1] The proposed Complaint contains no specific factual allegations regarding Defendants other than Defendant Barnett and Carter Inc. "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" should be granted. *Terry v. N.Y. City Dep't of Corr.*, No. 10 Civ. 6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012).

No. 1:17-CV-1363, 2018 WL 3069199, at *4 (N.D.N.Y. June 21, 2018) ("Courts presented with the issue have . . . held that . . . [HIPAA] cannot be privately enforced via Section 1983."). Accordingly, Plaintiff's allegation of a HIPAA violation is not a proper basis for a claim under § 1983.

Because Plaintiff has not identified any federal law that creates rights enforceable under § 1983, nor has he sued a state actor, Plaintiff has failed to state a plausible claim under § 1983 and Count Two must be dismissed.

    **C.**    **Whether Plaintiff States a Plausible Claim under 42 U.S.C. § 1985(3)**

Plaintiff seeks to allege a claim against defendants under 42 U.S.C. § 1985(3) for conspiring to deprive him of his rights. Specifically, he alleges that "Defendants did lie in wait with intent to injure and deprive him of his right to view and inspect his protected health information," and that they "act[ed] in unity and furtherance of their joint venture, endeavor, and conspiracy." (Doc. 1-4 at 16, ¶ 64; 17, ¶ 65.)

Part of a suite of Civil War Era civil rights legislation, § 1985(3) "imposes liability on two or more persons who 'conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting 42 U.S.C. § 1985(3)).

As the Second Circuit has explained:

> A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Dolan v. Connelly*, 794 F.3d 290, 296 (2d Cir. 2015) (internal quotation marks omitted). "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Id.* (internal quotation marks omitted).

Because Plaintiff's proposed Complaint lacks allegations of racially motivated discrimination, he fails to state a claim under § 1985(3).  Further, Plaintiff's Complaint fails to allege facts sufficient to establish a "conspiracy."  The Complaint asserts only "conclusory, vague, or general allegations of conspiracy," *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (internal quotation marks omitted), and therefore Plaintiff fails to state a claim on which relief may be granted under § 1985(3).   Count Three must be dismissed.

    **D.**        Whether Plaintiff States a Plausible Assault Claim

Although Plaintiff may not maintain a claim under the Vermont criminal statute of 13 V.S.A. § 1023(a)(3), the court is required to read his Complaint as raising the strongest claims it suggests.  A private plaintiff may allege a civil action for assault under state law.  "At common law, the civil tort of assault is defined as 'any gesture or threat of violence exhibiting an [intention] to assault, with the means of carrying that threat into effect . . . unless immediate contact is impossible.'"  *Billado v. Perry*, 937 F. Supp. 337, 343 (D. Vt. 1996) (quoting *Bishop v. Ranney*, 7 A. 820 (Vt. 1887)) (omission in original).  "[I]f the party threatening the assault has the ability, means, and apparent intention, to carry his threat into execution, it may in law constitute an assault."  *Wilson v. Smith*, 477 A.2d 964, 965 (Vt. 1984) (internal quotation marks and alterations omitted).

The court declines to determine whether Plaintiff has alleged a plausible claim for assault under state law.  Plaintiff has alleged the court has federal question subject-matter jurisdiction under 18 U.S.C. § 1331 over this case.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes [28 U.S.C.] § 1331 [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States.").  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  A district court "may

decline to exercise supplemental jurisdiction over a claim under [§ 1367] subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  "'In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.'"  *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014); (quoting *Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well[.]").

Here, dismissal of the federal claims triggers the general rule in favor of dismissal of any remaining state-law claims.

## I.     Leave to Amend

The Second Circuit has directed that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted).  Leave to amend however, need not be granted where amendment would be "futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (cautioning that a district court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile") (internal quotation marks omitted).  "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 53 (2d Cir. 2020) (internal quotation marks and alterations omitted).  In this case, it appears amendment of certain claims—such as any assertion of a claim for violations of HIPAA—would be futile.  The court, however, will grant Plaintiff leave to amend to seek to assert a plausible claim. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.").

Plaintiff is advised that a proposed Amended Complaint must be titled "Amended Complaint" and include all of Plaintiff's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks; reference back to the original Complaint is insufficient. *See* Fed. R. Civ. P. 8(a); D. Vt. L.R. 15(b).  Equally important, an amended complaint must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in numbered paragraphs as required by Rule 10.

Plaintiff's efforts may be aided by use of the E-Pro Se program, an interactive web application that aids the user in preparing a complaint, available on the court's website at

https://www.vtd.uscourts.gov/e-pro-se. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at http://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

## **Conclusion**

Plaintiff's Application to proceed without prepaying fees (Doc. 1) is GRANTED, however, the Complaint (Doc. 1-1) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii). In light of the court's ruling on Plaintiff's IFP Application, his motion to expedite review (Doc. 2) is DENIED AS MOOT. Plaintiff may file an Amended Complaint no later than November 30, 2020. Plaintiff is warned that failure to do so shall result in the closure of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of November 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge